IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| JOHN DOE, and all others similarly situated,<br><br>                             Plaintiffs,<br><br>v.<br><br>GREGORY SCOTT STEPHEN, BARNSTORMERS BASKETBALL, INC. d/b/a BARNSTORMERS BASKETBALL OF IOWA, AMATEUR ATHLETIC UNION OF THE UNITED STATES, INC., and ADIDAS AMERICA, INC.,<br><br>                             Defendants. | Case No. _____<br><br>**NOTICE OF REMOVAL** |

**PLEASE TAKE NOTICE** that defendant adidas America, Inc. ("adidas") hereby removes this civil action from the Iowa District Court for Johnson County (Case No. LACV080354) ("State Court Action") to the United States District Court for the Southern District of Iowa, Eastern Division. This Notice of Removal demonstrates the grounds for removal as follows:

1. On November 2, 2018, Plaintiff John Doe ("Plaintiff"), on behalf of himself and others similarly situated, filed a Class Action Petition at Law against Gregory Scott Stephen, Barnstormers Basketball Inc. ("BBI") and the Amateur Athletic Union of the United States, Inc. ("AAU").

2. On October 16, 2019, the Iowa District Court granted Defendant AAU's Motion to Compel Arbitration, staying the action as to Defendant AAU only until such time as the parties certified to the Court that arbitration has been completed.

3. On December 5, 2019, Plaintiff moved for leave to file a Third Amended Class Action Petition at Law seeking to add adidas as a defendant and asserting that adidas was negligent in connection with its sponsorship of BBI's players.

4. On December 19, 2019, the State Court granted Plaintiff's motion and on December 23, 2019, the State Court issued an Original Notice notifying adidas that it had been made a defendant to the State Court Action. adidas accepted service of the Original Notice through counsel on January 7, 2020.

5. Plaintiff brought the State Court Action as a putative class action pursuant to Rule 1.261 of the Iowa Rules of Civil Procedure and seeks to represent two classes (with subclasses) of BBI's minor student-athletes from 2005 to present that suffered harm as alleged in the petition. Plaintiff alleges that more than 400 individuals fall within the scope of the putative classes.

6. Plaintiff's claims are based on allegations that defendant Stephen—who has pled guilty to various charges, including Sexual Exploitation of a Minor, Possession of Child Pornography, and Transporting Child Pornography—obtained naked images of the putative class members through various surreptitious means. The claims against the remaining defendants are based on their alleged negligence in hiring defendant Stephen (in the case of BBI) or failing to take adequate steps to protect the putative class members from defendant Stephen's behavior.

7. Plaintiff seeks actual, statutory, and punitive damages; pre- and post-judgment interest; and declaratory relief.

8. Removal is authorized under 28 U.S.C. § 1441 and the Class Action Fairness Action Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), which gives federal courts original jurisdiction over any class action of 100 or more members where the amount in controversy exceeds $5 million and any member of the plaintiff class is a citizen of a state different than any defendant.

9. While adidas disputes the validity of Plaintiff's claims and the propriety of class treatment, for purposes of determining whether federal jurisdiction exists Plaintiff's allegations meet the requirements of CAFA for the following reasons:

    a. Plaintiff has asserted claims on behalf of a putative class alleged to have more than 400 members.

      b.      Plaintiff is a citizen of Iowa and adidas is a Delaware corporation with its principle place of business in Portland, Oregon.

      c.      The aggregate amount in controversy exceeds $5 million. Given that Plaintiff has alleged that there are more than 400 potential members of the putative classes, the amount in controversy exceeds $5 million if the average amount of damages sought for each putative class member exceeds $12,500. Given the nature of Plaintiff's claims, the amounts sought in other cases seeking recovery for claims arising out of allegations of sexual exploitation of minors, and Plaintiff's request for punitive damages, the amount sought per class member will be in excess of $12,500. In fact, the liquidated damage recovery for civil actions brought by victims of 18 U.S.C. § 2252 (the statute defendant Stephen pled guilty to as referenced in Plaintiff's complaint) is $150,000, well in excess of $12,500. 18 U.S.C. § 2255.

10.    This Notice of Removal is timely pursuant to 28 U.S.C. §§ 1446(b) and 1453 because it is being filed within 30 days from service of the Original Notice and Third Amended Class Action Petition, which named adidas as a defendant.

11.    Pursuant to 28 U.S.C. § 1441, this Court is the appropriate forum in which to file this Notice of Removal because the United States District Court for the Southern District of Iowa, Eastern Division, is the federal judicial district and division embracing Johnson County, Iowa, the county in which the State Court Action was filed.

12.    Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81(a)(1), copies of "all process, pleadings, and orders" filed in the State Court Action are attached hereto as Exhibit A.[1]

13.    Pursuant to Local Rule 81(a)(2), no motions are currently pending in the State Court Action.

---

[1] Two documents filed in state court were filed under seal. The undersigned has not filed an appearance in state court and therefore lacks access to those documents. Those sealed documents will be filed in this Court once a protective order is in place.

14. Upon filing of this Notice of Removal, adidas shall give timely written notice thereof to all other parties to the State Court Action and shall file a copy of such notice with the Iowa District Court for Johnson County. A copy of the Notice of Removal of Action to Federal Court is attached hereto as Exhibit B.

15. Pursuant to Local Rule 81(a)(3), the names of counsel and the law firms that have appeared in the State Court Action are:

Guy R. Cook
Adam D. Zenor
Michael C. Kuehner
Laura N. Martino
Michael D. Currie
GREFE & SIDNEY, P.L.C.
500 E. Court Avenue, Suite 200
Des Moines, IA 50309
gcook@grefesidney.com
azenor@grefesidney.com
mkuehner@grefesidney.com
lmartino@grefesidney.com
mcurrie@grefesidney.com

Attorneys for Plaintiffs

Jeffrey L. Goodman
Nicole L. Keller
Goodman Law, P.C.
1501 42nd Street.Suite 300
West Des Moines, IA 50266
jeff@golawpc.com
nicole@golawpc.com

Attorneys for Defendant Amateur Athletic
Union of The United States, Inc.

Martha L. Shaff
Brandon W.Lobberecht
Betty, Neuman & McMahon, P.L.C.
1900 East 54th Street
Davenport, IA 52807-2708
mls@bettylawfirm.com
bwl@bettylawfirm.com

Attorneys for Defendant Barnstormers
Basketball, Inc. d/b/a Barnstormers
Basketball of Iowa

16. Consent to removal is not required under CAFA pursuant to 28 U.S.C. § 1453(b).

17. adidas files this notice in accordance with Fed. R. Civ. P. 11.

18. A Certificate of Compliance with Local Rule 81 is attached hereto as Exhibit C.

19. By filing of this Notice of Removal, adidas does not waive any defenses that may be available, including but not limited to defenses related to class certification and personal jurisdiction.

20. If any question arises as to the propriety of the removal of this action, adidas requests the opportunity to brief any disputed issues and to present oral argument in favor of its position that this case is properly removable.

WHEREFORE, adidas hereby removes the above-captioned State Court Action pending in Iowa District Court for Johnson County to the United States District Court for the Southern District of Iowa, where it shall proceed.

Dated this 8th day of January, 2020.

SHUTTLEWORTH & INGERSOLL, P.L.C.

By: */s/ Dana L. Oxley*
Connie Alt         AT0000497
Dana L. Oxley    AT0005917
cma@shuttleworthlaw.com
dlo@shuttleworthlaw.com
115 3rd St. SE, #500
Cedar Rapids, IA  52401
Telephone:  (319) 365-9461
Fax:  (319) 365-8443

MARKOWITZ HERBOLD PC

Matthew A. Levin, *Pro Hac Vice Forthcoming*
MattLevin@MarkowitzHerbold.com
Stanton R. Gallegos, *Pro Hac Vice Forthcoming*
StantonGallegos@MarkowitzHerbold.com
1455 SW Broadway, Suite 900
Portland, OR  97201
Telephone:  (503) 295-3085
Fax:  (503) 323-9105

Of Attorneys for Adidas America, Inc.

Copy:

Guy R. Cook
Adam D. Zenor
Michael C. Kuehner
Laura N. Martino
Michael D. Currie
GREFE & SIDNEY, P.L.C.
500 E. Court Avenue, Suite 200
Des Moines, IA 50309
gcook@grefesidney.com
azenor@grefesidney.com
mkuehner@grefesidney.com
lmartino@grefesidney.com
mcurrie@grefesidney.com

ATTORNEYS FOR PLAINTIFFS

Martha L. Shaff
Brandon W. Lobberecht
Betty, Neuman & McMahon, P.L.C.
1900 East 54th Street
Davenport, IA 52807-2708
mls@bettylawfirm.com
bwl@bettylawfirm.com

ATTORNEYS FOR DEFENDANT BARNSTORMERS
BASKETBALL, INC. D/B/A BARNSTORMERS
BASKETBALL OF IOWA

Jeffrey L. Goodman
Nicole L. Keller
Goodman Law, P.C.
1501 42nd Street.Suite 300
West Des Moines, IA 50266
jeff@golawpc.com
nicole@golawpc.com

ATTORNEYS FOR DEFENDANT AMATEUR ATHLETIC UNION
OF THE UNITED STATES, INC.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of this document was served upon counsel of record for each party to the action in compliance with FRCP 5 on January 9, 2020 by:

[X] Electronically via ECF for ECF registrants
[ ] U.S. Mail _____
[ ] Fax _____
[ ] Email _____
[ ] Hand Delivered _____
[ ] other _____

    /s/    /s/ Paula Pohlpeter

6