**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION**

| | |
|---|---|
| JOHN DOE, and all others similarly situated,<br><br>Plaintiffs,<br>vs.<br><br>GREGORY SCOTT STEPHEN, BARNSTORMERS BASKETBALL, INC. d/b/a BARNSTORMERS BASKETBALL OF IOWA, AMATEUR ATHLETIC UNION OF THE UNITED STATES, INC., and ADIDAS AMERICA, INC.,<br><br>Defendants. | No. 3:20-cv-0005-JAJ-CFB<br><br>**OPINION AND ORDER REGARDING DEFENDANT AAU'S MOTION TO DISMISS and DEFENDANT BARNSTORMERS BASKETBALL'S MOTION TO REMAND TO STATE COURT** |

This action arises from the sexual exploitation and abuse of minor athletes by the coach of youth basketball teams. This action is now before the court on the May 21, 2020, Motion To Dismiss [Dkt. No. 28] by the amateur athletic union in which the youth basketball teams played. The plaintiff, one of the minor athletes alleging abuse, filed his Resistance [Dkt. No. 33] on June 4, 2020, and the amateur athletic union filed its Reply [Dkt. No. 35] on June 11, 2020. This action is also before the court on the May 21, 2020, Motion To Remand To State Court [Dkt. No. 29] by the defendant youth basketball organization for which the putative class of minor athletes played. The plaintiff filed his Response [Dkt. No. 31] on June 4, 2020, and the sportswear company that sponsored the youth basketball teams filed a Resistance [Dkt. No. 39] to the Motion To Remand on June 15, 2020. The youth basketball organization filed no reply. For the reasons stated below, the amateur athletic union's May 21, 2020, Motion To Dismiss [Dkt. No. 28] is **DENIED**,

and the youth basketball association's May 21, 2020, Motion To Remand To State Court [Dkt. No. 29] is also **DENIED**.

# *I. INTRODUCTION*

## *A. Factual Background*

The factual background to this litigation has been set out in some detail in previous rulings. Thus, the statement of factual background, here, is brief. Plaintiff John Doe alleges that defendant Gregory Scott Stephen, a co-founder and co-director of and coach for defendant Barnstormers Basketball, Inc., (BBI) used his position of authority in BBI to secretly record nude videos of BBI's minor athletes. BBI is a youth basketball organization in the state of Iowa that fields more than a dozen boys' basketball teams for 4th through 12th grade student athletes and girls' basketball teams for 7th through 11th grade student athletes. The teams play in leagues and tournaments organized by defendant Amateur Athletic Union (AAU). Defendant adidas America, Inc.,[1] a sportswear company, sponsored BBI's AAU teams pursuant to a sponsorship agreement negotiated with Stephen.

Stephen was indicted on April 5, 2018, in the Northern District of Iowa on charges of violating 18 U.S.C. §§ 2252(a)(1) and 2252(b)(1) for acts related to the "transportation" of child pornography.[2] A superseding indictment filed June 27, 2018, charged Stephen with five counts of sexual exploitation of a minor involving production of child pornography, in violation of 18 U.S.C. § 2251(a) and (c), one count of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B), and one count of transporting child

---

[1] Defendant adidas America, Inc., has indicated that its name is not capitalized. The court will follow that preference except where quoting sources that did not do so.

[2] "Transportation" of child pornography includes transmission or transfer of photographs by means of the internet or by computer, as well as physically transporting them. *See United States v. Runyan*, 290 F.3d 223, 239 (5th Cir.), *cert. denied*, 537 U.S. 888 (2002); *United States v. Whiting*, 165 F.3d 631, 634 (8th Cir. 1999).

pornography in violation of 18 U.S.C. §§ 2252(a)(1) and (b)(2). On October 9, 2018, Stephen changed his plea to guilty. Pursuant to a plea agreement, filed October 18, 2018, Stephen admitted that he used a hidden camera device to secretly record several nude minor boys in hotel rooms.

***B. Procedural Background***

This action was originally filed in the Iowa District Court for Johnson County on November 2, 2018. While this action was in state court, the AAU filed a Motion To Compel Arbitration, Or In The Alternative, To Dismiss For Improper Venue on February 1, 2019, requesting that the court compel arbitration of the claims by Doe against the AAU and dismiss the action against the AAU, but if the court declined to do so, to dismiss the action based on a mandatory forum selection clause in the AAU membership documents. Eventually, on October 16, 2019, the Iowa district court entered a Ruling On Motion To Compel Arbitration granting AAU's Motion To Compel Arbitration, but instead of dismissing the action against AAU, the court stayed the case against AAU "until such time as the Court receives certification from the parties that arbitration between Plaintiff and AAU has been completed."

On December 5, 2019, Doe filed a motion for leave to file a Third Amended Class Action Petition At Law & Jury Demand adding a claim against adidas. The Iowa District Court granted Doe's motion for leave to amend, and the Third Amended Class Action Petition was filed on December 19, 2019. In Count VI of the Third Amended Complaint, Doe added a "negligence" claim against adidas. On January 9, 2020, adidas removed this action to this federal court pursuant to 28 U.S.C. § 1441 and the Class Action Fairness Act of 2005 (CAFA), 28 U.S.C. § 1332(d).

On January 16, 2020, adidas filed its Motion To Compel Arbitration And Stay Action Against adidas [Dkt. No. 6] and its Motion To Stay Deadlines Applicable To adidas Pending Resolution Of adidas's Motion To Compel Arbitration [Dkt. No. 7]. In an Opinion

And Order [Dkt. No. 23], filed March 4, 2020, this court granted both of adidas's motions, stayed this action as to adidas, compelled Doe and adidas to arbitrate Doe's individual claim against adidas, and stayed this action as to all further proceedings involving adidas pending conclusion of any arbitration pursuant to 9 U.S.C. § 3.

The motions now before the court followed on May 21, 2020.

## *II. INTRODUCTION*

There is little overlap between the two motions now before the court. Therefore, the court will address first the motion filed first, which is the AAU's May 21, 2020, Motion To Dismiss.

### *A. The AAU's Motion To Dismiss*

#### *1. Arguments of the parties*

The AAU argues, in essence, that it is not a proper party and should be dismissed from this case, because Doe has been ordered to arbitrate his claims against the AAU in Florida, and it is unduly burdensome, inconsistent with AAU's right to due process, and inconsistent with Iowa law and the Federal Arbitration Act (FAA), to require AAU to remain a party to this case. The AAU argues that Doe has agreed that the AAU is not a participant in this case. That being so, the AAU argues that it has become unduly burdensome for it to monitor the filings in this case when it has no obligation or opportunity to respond to any such filings. The AAU argues that Doe has not filed an arbitration demand, so that Doe has no rights against the AAU in this court and no right to insist that the AAU remain a party to this case. The AAU also suggests that no appeal of an arbitration order would be to this court but would be to the court in Florida. The AAU also argues that just "being along for the ride" denies it due process, so dismissal is appropriate, even if such dismissal results in piecemeal litigation. Finally, the AAU argues that it is not

now, and may never be, a party to this litigation, so there is no basis for the court to exercise jurisdiction over the AAU.

Doe responds that the AAU remains a party, albeit one against which proceedings are stayed. Doe argues that, if an arbitrator were to dismiss the arbitration on the threshold issues of applicability and enforceability of the arbitration clause, his claims against the AAU would be sent back to this court. Doe argues that his agreement that the AAU need not participate while stayed is not an agreement that the AAU is not a party to this case. Doe also argues that the AAU is not unduly burdened or denied due process, where it suffers no more than the results of its status as a stayed party. Furthermore, Doe argues that the CAFA provides for subject matter jurisdiction over all defendants in appropriate cases, so that the AAU is still a proper party.

In reply, the AAU shifts its ground to argue that the court has the ability and discretion to dismiss the AAU from this case without prejudice, pending completion of arbitration. It argues that, unless dismissed, it may be prejudiced by rulings on matters on which it has no opportunity to be heard. Consequently, the AAU argues that, if the court will not dismiss it, the court should issue an order expressly addressing the existing stay and the AAU's reservation of rights.

***2. Discussion***

Taking the AAU's jurisdictional challenge first, the Eighth Circuit Court of Appeals has explained,

> "Under CAFA, federal courts have jurisdiction over class actions in which the amount in controversy exceeds $5,000,000 in the aggregate; there is minimal (as opposed to complete) diversity among the parties, i.e., any class member and any defendant are citizens of different states; and there are at least 100 members in the class." *Westerfeld v. Indep. Processing, LLC*, 621 F.3d 819, 822 (8th Cir. 2010) (citing 28 U.S.C. § 1332(d)).

*Hargis v. Access Capital Funding, LLC*, 674 F.3d 783, 788 (8th Cir. 2012). Thus, CAFA jurisdiction is not piecemeal, that is, applicable only to certain defendants, but applies to the entire action, including the claims against the AAU, here.

Next, the AAU did not cease to be a party to this action when the Iowa district court stayed Doe's claims against the AAU, rather than dismissing them. Staying the case was authorized by the Federal Arbitration Act (FAA), 9 U.S.C. § 3, and nothing in that statute or any other authority cited by the AAU makes such a stay comparable to dismissal with or without prejudice. To the extent that the AAU suggests that this court should now second-guess the Iowa district court's decision to stay this action rather than dismiss it as to Doe's claims against the AAU, the court declines to do so. The district court has discretion to stay an action or dismiss it pending resolution of arbitration. *See McLeod v. Gen. Mills, Inc.*, 856 F.3d 1160, 1168 (8th Cir. 2017) (citing *Unison Co. v. Juhl Energy Dev., Inc*., 789 F.3d 816, 821 (8th Cir. 2015)); *see also* 9 U.S.C. § 3. Here, the court agrees with the Iowa district court that it is appropriate to continue the stay as to the AAU, because there are circumstances under which Doe's claims against the AAU could return to this court, including dismissal of the arbitration, and because Doe's claims on behalf of the putative class will not necessarily be resolved by arbitration of Doe's individual claims. In short, continuation of the stay is entirely consistent with Iowa and federal law, including the FAA.

The court also finds no due process violation or undue burden on the AAU as the result of continuing the stay of Doe's claims against the AAU rather than dismissing them. A stay of the action as to the AAU necessarily contemplates that the action will continue against other parties, and rather than *imposing* a due process violation on the AAU, the continued receipt of notices of filings in this action *protects* the AAU's due process rights by keeping the AAU apprised of matters potentially affecting it, if it should once again find itself an active participant in this litigation. The burden of such monitoring is, in this court's view, minimal, compared to the potential prejudice to Doe and the putative class,

if the AAU is dismissed, even without prejudice, for example, because of the possible running of the statute of limitations on their claims.

Finally, the court finds it unnecessary to grant the AAU's request that this court issue an order expressly addressing the existing stay and the AAU's reservation of rights. The stay issued by the Iowa district court has the same force and effect on removal of this action as it had in that court. Moreover, if the AAU once again becomes an active participant in this litigation, the AAU may assert reasonable grounds to reconsider rulings on matters on which it has not been heard, because of the stay.

Therefore, the AAU's May 21, 2020, Motion To Dismiss is **DENIED**.

### *B. BBI's Motion To Remand*

The remaining motion now before the court is BBI's May 21, 2020, Motion To Remand To State Court. As mentioned, above, there is little overlap between this motion and the AAU's Motion To Dismiss.

#### *1. Arguments of the parties*

BBI argues that it is seeking remand to the Iowa District Court for Johnson County, because BBI does not believe this court has or will have continuing jurisdiction over this matter. BBI argues that the diversity of citizenship between adidas and Doe created the "interstate" case under CAFA that could properly be removed to this federal court, but that adidas has been "effectively dismissed" from this lawsuit, where the court compelled arbitration of Doe's claims against adidas and stayed the case as to adidas. Because the only remaining defendants are Stephen and BBI, both of whom are alleged to be Iowa citizens, BBI asserts that "interstate" jurisdiction is now lacking. Furthermore, BBI argues that this case falls under the "local controversy" exception to CAFA jurisdiction under either 28 U.S.C. § 1332(d)(4)(A) or (B), because more than two-thirds of the putative class "likely" share citizenship with the primary defendant, assuming that either Stephen or BBI is the primary defendant. Under both subsection (A) and (B), BBI argues that it does not

possess or have access to the investigative files of the Iowa Department of Criminal Investigations, the Federal Bureau of Investigations, or the U.S. Attorney's office to identify victims of Stephen and determine their citizenship, but the founder of BBI, Jamie Johnson, has personal knowledge and recall of the states of residency/citizenship where its youth participants came from, and almost all were Iowa citizens/residents. Under subsection (A), BBI also argues that Doe and the putative class seek relief against Stephen and BBI, both of which are also Iowa residents; that the principal injuries of all putative class members arise from Stephen's conduct in or significantly related to Iowa; and that BBI is not aware of any other class actions filed against it with the same or similar factual allegations.

Doe's response is that he "takes no position on the BBI's Motion to Remand." adidas, on the other hand, strenuously opposes the Motion To Remand. adidas argues that this court has subject matter jurisdiction pursuant to CAFA and that BBI has failed to meet its burden of proving that any exception to CAFA applies. adidas argues that, while the claims against it are stayed, there is no basis for remanding this action to state court, because it remains a party, and this court continues to have subject matter jurisdiction under CAFA, and it is too late to remand for any reason other than lack of subject matter jurisdiction. adidas also argues that the "local controversy" exception does not apply, here, under either of its statutory formulations, because even if other requirements are met, BBI offers no adequate proof of *citizenship* of the putative class members.

***2. Applicable law***

As mentioned, above, in the analysis of the AAU's Motion To Dismiss, if the requirements of CAFA jurisdiction are met, *see Hargis,* 674 F.3d at 788, CAFA jurisdiction is not piecemeal, that is, applicable only to certain defendants, but applies to the entire action, including the claims against BBI and Stephen. There is, however, an exception to

such jurisdiction, called the "local controversy" exception, set out in 28 U.S.C. § 1332(d)(4).[3] As the Eighth Circuit Court of Appeals has explained,

> [A] district court must decline to exercise jurisdiction [under § 1332(d)(4)(A)] over a class action in which (1) more than two-thirds of the class members in the aggregate are citizens of the state in which the action was originally filed, (2) at least one defendant "from whom significant relief is sought by

---

[3] This provision states the following:

> (4) A district court shall decline to exercise jurisdiction under paragraph (2)—
>
> (A)(i) over a class action in which--
>
> (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
>
> (II) at least 1 defendant is a defendant—
>
> (aa) from whom significant relief is sought by members of the plaintiff class;
>
> (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
>
> (cc) who is a citizen of the State in which the action was originally filed; and
>
> (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and
>
> (ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons; or
>
> (B) two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed.

28 U.S.C. § 1332(d)(4).

> members of the plaintiff class" and "whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class" is a citizen of the state in which the class action was originally filed, (3) the principal injuries were incurred in the state in which the action was filed, and (4) no other class action alleging similar facts was filed in the three years prior to the commencement of the current class action. [28 U.S.C.] § 1332(d)(4)(A).

*Atwood v. Peterson*, 936 F.3d 835, 839 (8th Cir. 2019). Under subsection (B), the local controversy exception applies if "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B).

As the Eighth Circuit Court of Appeals has also explained,

> The burden of establishing this narrow exception lies with the party seeking remand. *Westerfeld [v. Indep. Processing, L.L.C.]*, 621 F.3d [819,] 822 [(8th Cir. 2010)]; *see* S. Rep. No. 109-14, at 39 (emphasizing that the local controversy exception to CAFA jurisdiction "is a narrow exception that was carefully drafted to ensure that it does not become a jurisdictional loophole"). We review de novo the denial of a motion to remand to state court under CAFA. *Hargis v. Access Capital Funding, LLC*, 674 F.3d 783, 789 (8th Cir. 2012).

*Atwood*, 936 F.3d at 839; *Hargett v. RevClaims, LLC*, 854 F.3d 962, 965 (8th Cir. 2017) ("Once a removing defendant has established CAFA's jurisdictional requirements, the burden shifts to the plaintiff to establish that the local-controversy exception applies."); *Hood v. Gilster-Mary Lee Corp.*, 785 F.3d 263, 265 (8th Cir. 2015) ("The party seeking remand bears the burden of proof for a CAFA exception." (citing *Westerfeld v. Indep. Processing, LLC*, 621 F.3d 819, 822 (8th Cir. 2010)).

The Eighth Circuit Court of Appeals has made clear that, for purposes of the local controversy exception, "citizen" has a meaning different from "resident," where "citizenship" requires permanence that "residence" does not. *Hargett*, 854 F.3d at 965. Thus, merely establishing "residence" does not establish "citizenship," for purposes of

CAFA jurisdiction over a complaint or upon removal or for purposes of the "local controversy" exception. *Id.* at 965-66. For example, the party relying on the exception cannot simply extrapolate from "residency" to "citizenship" of any parties or rely on nothing more than "guesswork." *Id*. at 966. Last known addresses, mailing addresses, or phone numbers are also insufficient to establish "citizenship." *Hood*, 785 F.3d at 266. Rather, the Eighth Circuit Court of Appeals has adopted the suggestion of the Seventh Circuit Court of Appeals that two ways plaintiffs can meet their burden are the following: "(1) affidavit evidence or statistically significant surveys showing two-thirds of the class members are local citizens, or (2) redefin[ing] the class as only local citizens." *Id.* (citing *In re Sprint Nextel Corp*., 593 F.3d 669, 675-66 (7th Cir. 2010)). The "two-thirds" requirement "is determined as of the date of the filing of the complaint (or amended complaint)." *Hood*, 785 F.3d at 265 (citing 28 U.S.C. § 1332(d)(7)).

"The local-controversy exception is narrow." *Hargett*, 854 F.3d at 965 (citations omitted)). As the Eighth Circuit Court of Appeals has explained, the narrowness of the "local controversy" exceptions "means that the district court 'should resolve any doubt about the applicability of CAFA's local-controversy exception against . . . the party who seeks remand.'" *Id.* (quoting *Westerfeld*, 621 F.3d at 823).

***3. Discussion***

The court is not persuaded by BBI's assertions that remand of this action is appropriate. First, BBI has failed to establish that the diverse defendant, adidas, is no longer a party to this litigation, for the same reasons that that the AAU remains a party, even though Doe's claims against adidas have also been sent to arbitration. To put it another way, contrary to BBI's contentions, adidas has not been "effectively dismissed" from this lawsuit where the case has only been stayed as to adidas pending arbitration of Doe's claims against adidas. Thus, BBI cannot establish that this court does not or will not have continuing CAFA jurisdiction over this matter.

BBI also cannot establish that the local controversy exception applies, here, under either subsection (A) or subsection (B). *Atwood*, 936 F.3d at 839 (allocating the burden to the party seeking remand); *Hargett*, 854 F.3d at 965; *Hood*, 785 F.3d at 265. BBI improperly blurs the line between "residence" and "citizenship" by asserting that the founder of BBI, Jamie Johnson, has personal knowledge and recall of the states of "residency/citizenship" where its youth participants came from, and almost all were Iowa "citizens/residents." As the Eighth Circuit Court of Appeals has made clear, "residency" is not the same as "citizenship" and only "citizenship" of putative class members matters for purposes of the exception. *Hargett*, 854 F.3d at 965-66. Mr. Johnson's recollection of the "citizenship/residence" of participants also plainly concerns only their "citizenship/residence" *at the time they were participants*, but it suggests nothing but guesswork as to their citizenship at the time the version of the Complaint asserting a CAFA claim was filed. *Hood*, 785 F.3d at 265 (explaining that the "two-thirds" requirement "is determined as of the date of the filing of the complaint (or amended complaint)" (citing 28 U.S.C. § 1332(d)(7))). Those recollections also fall well short of the sort of evidence of citizenship that the Eighth Circuit Court of Appeals has recognized as adequate, such as "(1) affidavit evidence or statistically significant surveys showing two-thirds of the class members are local citizens, or (2) redefin[ing] the class as only local citizens." *Hood*, 785 F.3d at 266 (citing *In re Sprint Nextel Corp.*, 593 F.3d at 675-66). BBI's purported evidence of citizenship of the putative class members amounts to no more than "guesswork," which is simply not enough. *Hargett*, 854 F.3d at 966. Thus, this is a case in which the narrowness of the local controversy exceptions means that this court "'should resolve any doubt about the applicability of CAFA's local-controversy exception against . . . the party who seeks remand,'" here, BBI. *Id.* at 965 (quoting *Westerfeld*, 621 F.3d at 823).

Therefore, BBI's May 21, 2020, Motion To Remand To State Court is **DENIED**.

### *III. CONCLUSION*

Upon the foregoing,

**IT IS ORDERED** that

1. Defendant AAU's May 21, 2020, Motion To Dismiss [Dkt. No. 28] is **DENIED**; and

2. Defendant BBI's May 21, 2020, Motion To Remand To State Court [Dkt. No. 29] is **DENIED**.

**DATED** this 23rd day of June, 2020.

JOHN A. JARVEY, Chief Judge
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA