IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| JOHN DOE, and all others similarly situated,<br>　　　　　Plaintiffs,<br><br>vs.<br><br>GREGORY SCOTT STEPHEN, BARNSTORMERS BASKETBALL, INC. d/b/a BARNSTORMERS BASKETBALL OF IOWA, AMATEUR ATHLETIC UNION OF THE UNITED STATES, INC., and ADIDAS AMERICA, INC.,<br>　　　　　Defendants. | No. 3:20-cv-5-JAJ<br><br>**ORDER** |

　　　This case arises from Plaintiff's four-count complaint, filed in Johnson County on November 2, 2018, which alleges negligence and negligent hiring, supervision, and retention against Barnstormers Basketball, Inc ("BBI"). Class Action, Petition & Jury Demand, ECF No. 1-1, Ex. A 10–32. This matter comes before the Court pursuant to Plaintiff's Motion for Class Certification filed on March 1, 2021. Pl.'s Mot. Class Cert., ECF No. 58. BBI filed its Resistance to Plaintiff's Motion for Class Certification on March 31, 2021. Def.'s Resis. Pls.' Motion for Class Cert., ECF No. 59. Plaintiff replied on April 7, 2021. Pl.'s Reply Def.'s Resis. Class Cert. & Req. Evidentiary Hearing, ECF No. 60. A hearing was held on this matter on May 3, 2021, at which the parties were represented. For the reasons that follow, Plaintiff's Motion for Class Certification is **DENIED without prejudice**.

## I.　　Background

　　　BBI is an Iowa, nonprofit organization that was founded in 2004 by Jamie Johnson, who serves as the organization's director. BBI has several club basketball teams for youth athletes ranging from 4th grade to 11th grade. BBI hosts yearly tryouts to select youth athletes for its teams. BBI basketball teams travel to various tournaments across the country to compete against other club basketball teams.

　　　Johnson met Gregory Stephen in 2005 at a youth basketball tournament. Stephen was coaching his own youth boys' basketball club at the time, the Iowa Mavericks. Johnson asked Stephen to join BBI to coach and help run the program, and Stephen agreed. Stephen worked in this capacity

with BBI from approximately 2005 to 2018, apart from a two-season absence when he coached for Upper Iowa University. BBI terminated Stephen in 2018 after a criminal investigation into Stephen commenced. During the course of the criminal investigation, police discovered over 400 sexually explicit photographs of minor boys on Stephen's hard drive.

Plaintiff seeks certification of the following class:

> All minor Barnstormer Basketball, Inc. participants (including those who attended Barnstormer Basketball, Inc.'s organized tryouts and were offered a spot on the Iowa Mavericks) in the United States from 2005 to present who have been identified by the Federal Bureau of Investigation, the Iowa Department of Criminal Investigations, and/or the United States Attorney's Office, as victims of the crimes to which Gregory Scott Stephen has admitted his guilt, and suffered damages as a result of Gregory Scott Stephen's intrusion upon seclusion.

Pl.'s Mot. Class Cert. 6, ECF No. 58.

## II.     Legal Standard

Class actions are defined by Federal Rule of Civil Procedure 23. Plaintiff "has the burden of showing that the class should be certified and that the requirements of Rule 23 are met." *Coleman v. Watt*, 40 F.2d 255, 259 (8th Cir. 1994) (citing *Smith v. Merch. & Farmers Bank of W. Helena*, 574 F.2d 982, 983 (8th Cir. 1978)). Rule 23(a) sets forth the four prerequisites for any class action:

1. The class is so numerous that joinder of all members is impracticable;
2. There are questions of law or fact common to the class;
3. The claims or defenses of the representative parties are typical of the claims or defenses of the class; and
4. The representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a)(1)–(4).

A class is appropriate for certification when its claims "depend upon a common contention of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011).

In addition to satisfying the requirements of Rule 23(a), Plaintiff must demonstrate that the proposed class falls within one of categories established by Federal Rule of Civil Procedure 23(b). Plaintiff argues class certification is appropriate under Rule 23(b)(3). Under Rule 23(b)(3), a class action may be maintained if "the court finds that the questions of law or fact common to class

members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

### III.     Analysis

A proposed class is overly broad if the class "is defined so broadly as to include a great number of members who for some reason *could not* have been harmed by the defendant's allegedly unlawful conduct . . . ." *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 824 (7th Cir. 2012) (emphasis added). Although courts may not conduct a full-scale merits consideration at the class certification stage, courts may consider merits questions "to the extent—but only to the extent—that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied." *Amgen Inc. v. Conn. Retirement Plans & Tr. Funds*, 568 U.S. 455, 466 (2013) (citations omitted).

BBI contends Plaintiff's proposed class is overbroad because it encompasses minors who were victimized by Stephen who were not victimized while participating in BBI. BBI argues that Plaintiff's claims require proof of an employment relationship and that there is no evidence that BBI was associated with the Iowa Mavericks. Plaintiff contends the proposed class is not overly broad because Stephen asked BBI's director, Jamie Johnson, for permission to revive the Iowa Mavericks, which Johnson granted. Plaintiff also notes that BBI held public tryouts for their teams and that Stephen would offer players who did not make a BBI team a spot on the Maverick team.

As previously noted, Plaintiff's claims against BBI are for negligence, negligent hiring, negligent supervision, and negligent retention. As the Court understands it, Plaintiff's theory of liability is that BBI's failure to have adequate policies and procedures in place pertaining to hiring, retention, and supervision gave Stephen access to the minor boys that he would later victimize.

The Court concludes Plaintiff's proposed class is overbroad because it includes a great number of members who could not have been harmed by BBI's allegedly unlawful conduct. Plaintiff's proposed class includes minor basketball players who played for the Iowa Mavericks; however, BBI's allegedly unlawful conduct could not have harmed minor basketball players who played for the Iowa Mavericks. BBI's connection or affiliation with the Iowa Mavericks is too attenuated. Further, BBI's alleged failure to have adequate policies and procedures cannot be said to have caused the alleged harm to minor basketball players who never played on a BBI basketball

team—the causation is far too attenuated. The Court therefore declines to certify Plaintiff's proposed class. Accordingly, the Court shall not address the Rule 23 class requirements.

## IV.    Conclusion

The Court concludes Plaintiff's proposed class is overbroad and denies Plaintiff's Motion for Class Certification without prejudice. Plaintiff shall have the opportunity to recraft his proposed class. In revising his proposed class, Plaintiff shall keep the following in mind. First, the Court will not certify a class that includes minor basketball players who played for the Iowa Mavericks but did not play on a BBI team. Second, the Court will not certify a class that includes minor basketball players who tried out for a BBI team but did not actually play on a BBI team. Third, the Court will not certify a class that includes minor basketball players who only played on a BBI team at a time when Stephen was not coaching for BBI. Meaning, the class cannot include minor basketball players who only played on a BBI team during Stephen's two-season absence or after BBI terminated him. Finally, the Court will not define the class based on a list of victims who were identified by the FBI, the Iowa Department of Criminal Investigations, or the U.S. Attorney's Office in the criminal case against Stephen. The Court will not certify a class based on a list that the parties may not be entitled to receive and that the Court may not be inclined or have the power to produce.

**IT IS SO ORDERED** that Plaintiff's Motion for Class Certification [ECF No. 58] is denied without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff shall revise the proposed class and submit new briefing based on the revised class within 30 days of the issuance of this order.

**IT IS FURTHER ORDERED** that Defendant BBI shall respond to Plaintiff's updated class and briefing within 10 days of the filing of Plaintiff's updated class and briefing.

**DATED** this 24th day of, May 2021.

_____
JOHN A. JARVEY, Chief Judge
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA