IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
(EASTERN DIVISION)

| | |
|---|---|
| JOHN DOE, and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GREGORY SCOTT STEPHEN, BARNSTORMERS BASKETBALL, INC. d/b/a BARNSTORMERS BASKETBALL OF IOWA, AMATEUR ATHLETIC UNION OF THE UNITED STATES, INC., and ADIDAS AMERICA, INC.,<br><br>Defendants. | CASE NO. 3:20-CV-0005-JAJ-CFB<br><br><br>**PLAINTIFF'S MEMORANDUM IN SUPPORT OF PROPOSED NOTICE PURSUANT TO RULE 23(C)(2)(B)** |

COMES NOW, Plaintiff John Doe, by and through the undersigned counsel, and for its Memorandum in Support of his proposed 24(c)(2)(B), states:

## I.  INTRODUCTION

On September 23, 2021, the Court entered an order certifying the proposed class and ordering Plaintiff to file his proposed notice no later than October 8, 2021. Plaintiff respectfully request that the Court approve its proposed notice filed contemporaneously herewith in the manner set forth below.

## II.  LEGAL STANDARD

Rule 23(c)(2)(B) provides:

> For any class certified under Rule 23(b)(3)--or upon ordering notice under Rule 23(e)(1) to a class proposed to be certified for purposes of settlement under Rule 23(b)(3)--the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice may be by one or more of the

1

following: United States mail, electronic means, or other appropriate means. The notice must clearly and concisely state in plain, easily understood language:

(i) the nature of the action;

(ii) the definition of the class certified;

(iii) the class claims, issues, or defenses;

(iv) that a class member may enter an appearance through an attorney if the member so desires;

(v) that the court will exclude from the class any member who requests exclusion;

(vi) the time and manner for requesting exclusion; and

(vii) the binding effect of a class judgment on members under Rule 23(c)(3).

### III.   CONTENT OF THE PROPOSED NOTICE

Rule 23 requires that class action notice include seven (7) pieces of information in clear and concise language. Plaintiff's proposed notice attached herein meets all of these requirements. Specifically, the notice unambiguously: (1) states the nature of the case; (2) provides the definition of the class; (3) states the class claims and issues; (4) informs the class members that they have the right to enter an appearance through an attorney if they so choose; (5) informs class members that the court will exclude members who request to be excluded; (6) states the time and manner for requesting exclusion; and (7) informs class members of the binding effect of a class judgment

### IV.   METHODS OF PROVIDING NOTICE

Rule 23 requires that the methods of class action notice be the "best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." The "mechanics" of the method of notice are "left to the discretion of the court subject only to the broad reasonableness standards imposed by due process." *Grunin v. Intl. H. of Pancakes*, 513 F.2d 114, 121 (8th Cir. 1975). In this case, there are approximately 400 past or

present Barnstormer youth participants included in the class definition. Information pertaining to past and present youth Barnstormer participants and their respective contact information was exclusively retained on Greg Stephen's personal computer. Said computer was confiscated by law enforcement at the time of Greg Stephen's arrest and cleared of all content. Therefore, to ensure all past or present Barnstormer participants are provided notice of this class action proceeding, Plaintiff proposes the following methods of notice:

1. Sending individual notices by U.S. Mail to the 200+ past and present Barnstormer participants identified by the parties[1];

2. Publicizing the notice in the Des Moines Register and The Gazette;

3. Posting the notice on the Grefe & Sidney, PLC webpage and separately created Facebook page titled "Justice for Victims of Greg Stephen";

4. Defendant Barnstormer sending individual notices electronically[2] to any and all individuals who follow, "like", or affiliate with Barnstormer affiliated social media pages, including but not limited to Instagram, Twitter, and Facebook; *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156 (1974) (finding reversible error where individual notices were not sent to identifiable persons);

5. Defendant Barnstormer sending individual notices to each and every e-mail address in its possession affiliated (whether by parent or participant himself) with past and present Barnstormer participants. *Id.*;

---

[1] Plaintiff's counsel has undertaken a public records search to determine the last known mailing address for the identified past and present Barnstormer participants.
[2] Rule 23(c)(2)(B) specifically contemplates notices being sent by "electric means."

6. Defendant Barnstormer sending individual notices electronically to each and every identifiable individual affiliated (past and present) with the team via Barnstormer's "TeamSnap" network. *Id.*;

7. Defendant Barnstormer posting the notice on all team affiliated social media pages, including but not limited to Instagram, Twitter, and Facebook. *See e.g. Stuart v. State Farm Fire and Cas. Co.*, 332 F.R.D. 293, 297 (W.D. Ark. 2019) (ordering Defendant to post notice on its own platform);

8. Defendant Barnstormer posting the notice on its website. *Id.*;

The efficacy of the aforementioned methods is illustrated by Courts' traditional approach to the 23(c)(2)(B) standard and common-sense considerations applicable to facts of this case. 1 *McLaughlin on Class Actions* § 5:81 (17th ed.) ("Because the two leading Supreme Court cases on class action notice both deemed first class mail to class members identifiable by reasonable efforts, together with publication, as sufficient to satisfy the Rule 23(c)(2)(B) requirement of the best notice that is practicable under the circumstances, the prevailing practice has been to publish notice of the pendency of a class action through these accepted methods."). Specifically, based on the date rage of abuse, most, if not all class members are under the age of 35 years old. Given the prevalence of social media use among youths, and more specifically, Barnstormer participants,[3] effectuating notice on various social media pages comports with the spirit of 23(c)(2)(B) requiring the best method of notice under the circumstances. *See* I*n re Natl. Collegiate Athletic Assn. Student-Athlete Concussion Injury Litig.*, 314 F.R.D. 580, 603 (N.D. Ill. 2016) (authorizing a class notice plan consisting of postings on the defendant's website and social media accounts).

---

[3] Defendant Barnstormer has multiple social medial platforms to interact and communicate with its participants. *See* https://www.facebook.com/gostormers/, https://twitter.com/ia_barnstormers?lang=en, and https://www.instagram.com/ia_barnstormers/?hl=en.

## V.  CONCLUSION

For the reasons set forth herein, Plaintiff respectfully asks this Court to enter an order adopting Plaintiff's proposed notice and method of providing the same.

**Certificate of Service**

The undersigned certifies that the foregoing instrument was served upon the parties to this action by serving a copy upon each of the attorneys listed as receiving notice on October 8, 2021 by CM/ECF.

*/s/  Guy R. Cook*

Copies to:

Martha L. Shaff
Brandon W. Lobberecht
Betty, Neuman & McMahon, P.L.C.
1900 East 54th Street
Davenport, IA 52807-2708
martha.shaff@bettylawfirm.com
brandon.lobberecht@bettylawfirm.com

ATTORNEYS FOR DEFENDANT, BARNSTORMERS BASKETBALL, INC. d/b/a BARNSTORMERS BASKETBALL OF IOWA

Matthew A. Levin, *Pro Hac Vice*
Stanton Gallegos, *Pro Hac Vice*
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR 97201
MattLevin@MarkowtizHerbold.com
StantonGallegos@MarkowitzHerbold.com

Connie Alt
Molly Parker
SHUTTLEWORTH & INGERSOLL, P.L.C.
115 3rd St. SE, #500
Cedar Rapids, IA 52401
cma@shuttleworthlaw.com
mmp@shuttleworthlaw.com

ATTORNEYS FOR DEFENDANT ADIDAS AMERICA, INC.

Jeffrey L. Goodman
Nicole L. Keller
Goodman Law, P.C.
1501 42nd Street. Suite 300
West Des Moines, IA 50266
jeff@golawpc.com
nicole@golawpc.com

GREFE & SIDNEY, P.L.C.

By: */s/  Guy R. Cook*
    Guy R. Cook, AT0001623

By: */s/  Laura N. Martino*
    Laura N. Martino, AT0005043

By: */s/  Benjamin T. Erickson*
    Benjamin T. Erickson, AT0012927

By: */s/  Michael D. Curie*
    Michael D. Currie, AT0012556

500 E. Court Ave., Ste. 200
Des Moines, IA  50309
Phone:  515/245-4300
Fax: 515/245-4452
gcook@grefesidney.com
lmartino@grefesidney.com
berickson@grefesidney.com
mcurrie@grefesidney.com

ATTORNEYS FOR PLAINTIFF

ATTORNEYS FOR DEFENDANT AMATEUR
ATHLETIC UNION OF THE UNITED STATES, INC.