# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF IOWA
# DAVENPORT DIVISION

| | |
|---|---|
| JOHN DOE, and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GREGORY SCOTT STEPEHEN, BARNSTORMERS BASKETBALL, INC. d/b/a BARNSTORMERS BASKETBALL OF IOWA, AMATEUR ATHLETIC UNION OF THE UNITED STATES, INC., and ADIDAS AMERICA, INC.,<br><br>Defendants. | Civil No.    3:20-cv-00005<br><br>**DEFENDANT BARNSTORMERS BASKETBALL, INC. D/B/A BARNSTORMERS BASKETBALL OF IOWA'S MOTION FOR CONTINUANCE OF TRIAL AND PRETRIAL DEADLINES**<br><br>**\*EXPEDITED RELIEF REQUESTED\*** |

**COMES NOW** the Defendant, Barnstormers Basketball, Inc. d/b/a Barnstormers Basketball of Iowa ("BBI"), by and through its attorneys, Betty, Neuman & McMahon, P.L.C., and for its Motion for Continuance of Trial and Pretrial Deadlines (with Expedited Relief Requested), states as follows:

1. Plaintiffs originally filed this class action lawsuit against Defendants in the Iowa District Court in and for Johnson County. The case was later removed by Defendant Adidas America, Inc. to this Court.

2. On June 30, 2020 the Court, by way of a text order, scheduled this matter for a ten (10) day jury trial to begin starting on **January 10, 2022** and with a final pretrial conference to be held on December 28, 2021. [Docket #42].

3. Federal Rule of Civil Procedure 16(b)(4) permits the Court to modify its scheduling order "for good cause and with the judge's consent." Good cause exists in this case to continue

1

trial and the pretrial deadlines to ensure sufficient notice to the class members and to prevent unfair prejudice against Defendant.

4. On September 23, 2021 (a little more than 4 months before trial) the Court entered an order certifying the proposed class. [Docket #70]. The Court further requested the parties submit proposed notices to class members that will be finalized by the Court. [Docket #70]. Both parties have submitted their positions regarding the proposed class notice, and examples of the type of class notice to be sent to class members, to the Court for determination and finalization. [Docket #72 – 74]. The Court has not yet ruled upon the content of the class notice or the procedure for notifying potential class members.

5. Defendant has proposed a class notice that requires either class members to identify themselves by "opting in" to the class within a specified period of time (30 days) after Court approval of the notice or alternatively an "opt out" notice that allows for Defendant to conduct discovery to identify class members and their claims.

6. Plaintiff has proposed a class notice that requires class members to "opt out" of the class within a specified period of time (30 days) after Court approval of the notice.

7. Plaintiff further proposes that class notices should be sent directly to identifiable class members and be posted in publications to unidentifiable/unknown class members. As a practical matter, the class notices will take time to post and distribute to class members and it is questionable whether sufficient notice can be given to class members prior to the current trial date, January 10, 2022.

8. Additionally, Defendant will be prejudiced if a continuance is not granted under the unique facts and circumstances of this case. Defendant's trial strategy and trial preparation vary depending on how the Court decides to issue the class notice and determining the makeup the

class. Allowing for the class to remain indeterminate until the eve of trial, or during trial, materially prejudices Defendant and its counsel from making decisions as to trial strategy and preparation.

9. Defendant further has been unable to conduct any class member discovery in this case because the class still has yet to be identified. Such discovery is necessary given that the identity of the class, and class member claims, is not known or knowable to Defendant. Defendant has a due process right to raise any applicable defenses against the class as a whole or as against individual class members. Defendant is unable to determine the scope and applicability of its defenses because it has no access to any information as to the identity of class members or the nature of their claims (*i.e.* when, where, and how they were harmed/injured).

10. There are also procedural issues that should be discussed and resolved prior to trial, such as whether any issues are going to be bifurcated (such as damages). While the Court has found there is enough common questions to proceed as a class action, the Court's ruling is not so broad as to determine all issues in the litigation are capable of being resolved on a class-wide basis.

11. Prior to the filing of this Motion, Defendant's counsel conferred with Plaintiffs' counsel. Plaintiffs do not consent to this Motion.

**WHEREFORE**, Defendant, BBI, respectfully requests the Court GRANT this Motion for Continuance of Trial and Pretrial Deadlines, enter an order setting a new conference/hearing for the parties and the Court to select a new trial date and pretrial deadlines, and for such other and further relief the Court deems equitable and just.

BETTY, NEUMAN & McMAHON, P.L.C.

By: */s/ Martha L. Shaff*
      Martha L. Shaff       #AT0007215

By:   */s/ Brandon W. Lobberecht*
      Brandon W. Lobberecht   #AT0011918

1900 East 54th Street
Davenport, IA 52807-2708
T: 563-326-4491
F: 563-326-4498
E: martha.shaff@bettylawfirm.com
   brandon.lobberecht@bettylawfirm.com

**ATTORNEYS FOR DEFENDANT,**
**BARNSTORMERS BASKETBALL, INC. d/b/a**
**BARNSTORMERS BASKETBALL OF IOWA**

4

## **CERTIFICATE OF SERVICE FOR ELECTRONIC FILINGS**

I hereby certify that on    December 3, 2021   , I electronically filed the foregoing document with the Clerk of Court using the ECF system and a true copy of the foregoing was served either electronically or by U.S. First Class Mail upon the following:

Guy R. Cook
Adam D. Zenor
Michael C. Kuehner
Michael D. Currie
Grefe & Sidney, P.L.C.
500 E. Court Ave., Suite 200
Des Moines, IA  50309
T: 515-245-4300
F: 515-245-4452
E: gcook@grefesidney.com
   azenor@grefesidney.com
   mkuehner@grefesidney.com
   mcurrie@grefesidney.com
**ATTORNEYS FOR PLAINTIFFS**

Jeffrey L. Goodman
Nicole L. Keller
Goodman Law, P.C.
1501 W. 42nd Street, Suite 300
West Des Moines, IA  50266
T: 515-267-8600
F: 515-224-2075
E: jeff@golawpc.com
**ATTORNEYS FOR DEFENDANT, AMATEUR ATHLETIC UNION OF THE UNITED STATES, INC.**

Connie Alt
Shuttleworth & Ingersoll, P.L.C.
115 3rd Street SE, #500
Cedar Rapids, IA  52401
T: 319-365-9461
F: 319-365-8443
E: cma@shuttleworthlaw.com
   dlo@shuttleworthlaw.com

Matthew A. Levin *(Pro Hac Vice)*
Stanton R. Gallegos *(Pro Hac Vice)*
Markowitz Herbold P.C.
1455 SW Broadway, Suite 900
Portland, OR  97201
T: 503-295-3085
F: 503-323-9105
E: stantongallegos@markowitzherbold.com
   mattlevin@markowitzherbold.com
**ATTORNEYS FOR ADIDAS AMERICA, INC.**

                                          */s/ Brandon W. Lobberecht*