# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF IOWA
# DAVENPORT DIVISION

| | |
|---|---|
| JOHN DOE, and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GREGORY SCOTT STEPEHEN, BARNSTORMERS BASKETBALL, INC. d/b/a BARNSTORMERS BASKETBALL OF IOWA, AMATEUR ATHLETIC UNION OF THE UNITED STATES, INC., and ADIDAS AMERICA, INC.,<br><br>Defendants. | Civil No.    3:20-cv-00005<br><br>**DEFENDANT BARNSTORMERS BASKETBALL, INC. D/B/A BARNSTORMERS BASKETBALL OF IOWA'S MOTION TO AMEND OR ALTERNATIVELY CLARIFY CLASS NOTICE ORDER [DOCKET # 91]** |

**COMES NOW** the Defendant, Barnstormers Basketball, Inc. d/b/a Barnstormers Basketball of Iowa ("BBI"), by and through its attorneys, Betty, Neuman & McMahon, P.L.C., and for its Motion to Amend or Alternatively Clarify Class Notice Order [Docket # 91], states as follows:

1. On February 2, 2022 the Court entered its Order granting in part, and denying in part, the parties' proposals of class action notice in this matter. [Docket # 91].

2. In its resistance/response to Plaintiffs' proposed class action notice, Barnstormers objected to any attempts to shift the burden of providing class notice from Plaintiffs to it. [Docket # 73, pg. 13].

3. As relevant to this Motion, the Court has ordered BBI to provide notice to class members as follows:

    (4) BBI sending individual notices electronically to any and all individuals who follow, like, or affiliate with BBI's social media pages;

    (5) BBI sending individual notices to every e-mail address in its possession affiliated with a past or present BBI participant;

    (6) BBI sending individual notices to every identifiable individual (past and present) affiliated with the team via BBI's TeamSnap network.

[Docket # 91, pgs. 6-8].

    4.    Regarding the Court's notice obligations in subparagraph (4) of the Order, to BBI's and its counsels' knowledge and understanding of electronic social media sites, such as Facebook, Twitter, Instagram, etc., there is no personal contact information provided to BBI by an individual who "likes" or "follows" one of its social media platforms. *See* Declaration of Jamie Pettigrew, ¶ 11, attached. The only information provided by a person that "likes" or "follows" a social media platform is an internet username, which may be a real name/identity or a fictitious name. *See* Declaration of Jamie Pettigrew, ¶¶11-12.

    5.    Regarding BBI's Facebook account, BBI does not have access to the login information for, or access to, that account. *See* Declaration of Jamie Pettigrew, ¶6. Such account was previously operated by Greg Stephen, only he knows the login information and BBI does not have access to the login information. *See* Declaration of Jamie Pettigrew, ¶6. BBI's Facebook account appears to receive new "posts" by BBI because, when BBI makes a post to its Instagram account, it can check/mark an option to make an identical post added to the Facebook account/page. *See* Declaration of Jamie Pettigrew, ¶7. Such option is sometimes checked/marked and sometimes it is not when BBI makes posts to Instagram. *See* Declaration of Jamie Pettigrew, ¶7

    6.    As of February 9, 2022, BBI's Facebook, Instagram and Twitter accounts have thousands of "likes" or "follows/followers/following" to each account, resulting in tens-of-thousands of internet usernames in the aggregate. *See* Declaration of Jamie Pettigrew, ¶10. BBI is

a small organization run by volunteers who also work full time in private employment, in addition to the time they spend in their involvement with Barnstormers. *See* Declaration of Jamie Pettigrew, ¶¶8-9; 13. BBI does not have the time, manpower, or financial or technological resources to try to determine the identity and contact information associated with thousands to tens-of-thousands of internet usernames, if it is even possible to be able to do so. *See* Declaration of Jamie Pettigrew, ¶13. Therefore, it is unlikely that BBI will be able to comply with the Court's Order to send individual electronic notices to these individuals.

7. Regarding the Court's notice obligations in subparagraphs (5) & (6), BBI's access to e-mail addresses of its participants is limited to the time period after Greg Stephen was arrested and such information is only available through "TeamSnap", a third-party application/software BBI began using *after* Greg Stephen's arrest. *See* Declaration of Jamie Pettigrew, ¶15. Any of BBI's documents and materials concerning its athletes/participants prior to Greg Stephen's arrest were located on electronic devices used and possessed by Greg Stephen, and such devices were seized by law enforcement as part of their investigation of Greg Stephen. [Docket #'s 29-2; 29-3]. To BBI's knowledge, all information regarding its activities and participates that were located on devices containing illicit images or recordings of youths were "wiped clean" by law enforcement. [Docket #'s 29-2; 29-3].

8. Rule 23 does not require individual or actual notice to be received by all class members in all cases. *See Mullins v. Direct Digital, LLC*, 795 F.3d 654, 665 (7th Cir. 2015). When class members are unknown or unidentifiable, notice must be reasonably calculated to satisfy due process requirements through methods designed to target the notice towards potential class members. *Id*.

9. BBI does not know the identities of all people allegedly abused, photographed or recorded by Greg Stephen. BBI further does not know whether any of those individuals

participated or were involved in Barnstormers after his arrest or whether there are any such individuals still participating or involved in Barnstormers. *See* Declaration of Jamie Pettigrew, ¶14. Accordingly, there is no information supporting that sending notice to past or present "TeamSnap" is targeted towards providing notice to the class.

10. BBI respectfully requests the Court amend its Order [Docket # 91] to remove these obligations and methods of service required from BBI.

11. Alternatively, BBI requests the Court for additional information to clarify what actions it envisions BBI must undertake to attempt to comply with the obligation and method of service in the Court's subparagraph (4).

**WHEREFORE**, the Defendant respectfully requests the Court **GRANT** its Motion to Amend or Alternatively Clarify Class Notice Order [Docket # 91] and provide any other relief the Court deems just and equitable.

BETTY, NEUMAN & McMAHON, P.L.C.

By: */s/ Martha L. Shaff*
    Martha L. Shaff     #AT0007215

By: */s/ Brandon W. Lobberecht*
    Brandon W. Lobberecht     #AT0011918

1900 East 54th Street
Davenport, IA 52807-2708
T: 563-326-4491
F: 563-326-4498
E: martha.shaff@bettylawfirm.com
   brandon.lobberecht@bettylawfirm.com

**ATTORNEYS FOR DEFENDANT,
BARNSTORMERS BASKETBALL, INC. d/b/a
BARNSTORMERS BASKETBALL OF IOWA**

**CERTIFICATE OF SERVICE FOR ELECTRONIC FILINGS**

I hereby certify that on _____February 10, 2022_____, I electronically filed the foregoing document with the Clerk of Court using the ECF system and a true copy of the foregoing was served either electronically or by U.S. First Class Mail upon the following:

| | |
|---|---|
| Guy R. Cook<br>Adam D. Zenor<br>Michael C. Kuehner<br>Michael D. Currie<br>Grefe & Sidney, P.L.C.<br>500 E. Court Ave., Suite 200<br>Des Moines, IA  50309<br>T: 515-245-4300<br>F: 515-245-4452<br>E: gcook@grefesidney.com<br>   azenor@grefesidney.com<br>   mkuehner@grefesidney.com<br>   mcurrie@grefesidney.com<br>**ATTORNEYS FOR PLAINTIFFS** | Jeffrey L. Goodman<br>Nicole L. Keller<br>Goodman Law, P.C.<br>1501 W. 42nd Street, Suite 300<br>West Des Moines, IA  50266<br>T: 515-267-8600<br>F: 515-224-2075<br>E: jeff@golawpc.com<br>**ATTORNEYS FOR DEFENDANT,**<br>**AMATEUR ATHLETIC UNION OF**<br>**THE UNITED STATES, INC.** |
| Connie Alt<br>Shuttleworth & Ingersoll, P.L.C.<br>115 3rd Street SE, #500<br>Cedar Rapids, IA  52401<br>T: 319-365-9461<br>F: 319-365-8443<br>E: cma@shuttleworthlaw.com<br>   dlo@shuttleworthlaw.com | Matthew A. Levin *(Pro Hac Vice)*<br>Stanton R. Gallegos *(Pro Hac Vice)*<br>Markowitz Herbold P.C.<br>1455 SW Broadway, Suite 900<br>Portland, OR  97201<br>T: 503-295-3085<br>F: 503-323-9105<br>E: stantongallegos@markowitzherbold.com<br>   mattlevin@markowitzherbold.com<br>**ATTORNEYS FOR ADIDAS AMERICA, INC.** |

_____/s/ Brandon W. Lobberecht_____