# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF IOWA
# DAVENPORT DIVISION

| | |
|---|---|
| JOHN DOE, and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GREGORY SCOTT STEPEHEN, BARNSTORMERS BASKETBALL, INC. d/b/a BARNSTORMERS BASKETBALL OF IOWA, AMATEUR ATHLETIC UNION OF THE UNITED STATES, INC., and ADIDAS AMERICA, INC.,<br><br>Defendants. | Civil No.   3:20-cv-00005<br><br>**DEFENDANT BARNSTORMERS BASKETBALL, INC. D/B/A BARNSTORMERS BASKETBALL OF IOWA'S BRIEF IN SUPPORT OF MOTION FOR SANCTIONS FOR FAILURE TO TIMELY SUPPLEMENT DISCOVERY RESPONSES** |

**COMES NOW** the Defendant, Barnstormers Basketball, Inc. d/b/a Barnstormers Basketball of Iowa ("BBI"), by and through its attorneys, Betty, Neuman & McMahon, P.L.C., and pursuant to Fed. R. Civ. P. 37(c) and Local Rule 7.1 hereby moves the Court for sanctions for failure to timely supplement discovery.

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| INTRODUCTION | | 2 |
| ARGUMENT | | 4 |
| | I.   THE PLAINTIFF FAILED TO COMPLY FED. R. CIV. P. 26(e) BY FAILING TO TIMELY SUPPLEMENT DISCOVERY TO ALLOW THE DEFENDANTS AN OPPORTUNITY TO INVESTIGATE AND CONDUCT DISCOVERY REGARDING THE SAME | 4 |
| | II.  PURSUANT TO FED. R. CIV. P. 37(c)THE COURT SHOULD ENTER A SANCTION FOR FAILING TO TIMELY SUPPLEMENT DISCOVERY | 6 |
| | III. THE DEFENDANTS HAVE COMPLIED WITH THE REQUIREMENTS OF FED. R. CIV. P. 37 | 7 |

| | |
|---|---|
| CONCLUSION | 7 |

**INTRODUCTION**

1.  The trial in this matter is scheduled for August 1, 2022. [Dkt. 90].

2.  On December 3, 2020, the Court entered an order closing discovery on **June 1, 2021**. [Dkt. 54].

3.  On May 27, 2021, Defendant propounded Interrogatories to John Doe and Potential Class Members (hereinafter "class discovery). [Class Discovery, p. 1-2 attached hereto as Exhibit "A"].

4.  On June 30, 2021, the Plaintiffs served their Answers the Class Discovery. [Answers to Class Discovery, p. 1 attached hereto as Exhibit "B"].

5.  In the Class Discovery, the Plaintiffs were asked to identify the name and total number of student athletes that alleged wrongdoing in regard to sharing of a hotel rooms. [Supplemental Answers to Interrogatories attached hereto as Exhibit "C"[1] No.1]. After lodging an objection, **the Plaintiff only identified himself**. [Exhibit "C" No. 1].

6.  In the Class Discovery, the Plaintiffs were asked to identify the name and total number of student athletes that alleged wrongdoing in regard to sharing a bed with Defendant Stephen, and the dates and subject nature of the incident. [Exhibit "C", No. 2.]. In answering the same; the Plaintiffs identified **nine names,** but did not list out any details on date or details of the occurrences. [Exhibit "C", No. 2].

---

[1] Exhibit C was filed under seal due to the prior Johnson County Court order seeking to protect the names/identities of youth victims from public disclosure.

7.      In the Class Discovery, the Plaintiffs were asked to identify the name and total number of student athletes that alleged they were secretly recorded. [Exhibit "C", No. 3]. After lodging an objection, **the Plaintiff only identify himself**, by name. [Exhibit "C", No. 3].

8.      In the Class Discovery, the Plaintiffs were asked to identify the name of all persons who claimed to have been subjected to wrongdoing or a class member in this action. [Exhibit "C" No. 5]. **The Plaintiffs identified 16 names**. [Exhibit "C" No. 5].

9.      In the Class Discovery, the Plaintiffs were asked to identify the names of all lay witnesses that were expected to testify. [Exhibit "C" No. 7]. The Plaintiffs referenced only the people that were already named in the interrogatories. [Exhibit "C", No. 7].

10.     On May 31, 2022, **a little over two months before trial**, the Plaintiffs served their First Supplemental Answers to the class discovery. [Exhibit "C", p. 1].

11.     The Plaintiffs supplemented Interrogatory No. 2, which asked for names of student-athletes that shared a bed with the Defendant. For the first time on May 31, 2022, **after the close of discovery,** the Plaintiff identified two additional individuals that were not previously named, and added numerous details and allegations from the previously named individuals. [Exhibit "C" No. 2].

12.     In supplementing Interrogatory No. 3, which asked for the names of student-athletes that were secretly recorded, the Plaintiffs (for the first time) identified **35 named individuals** that were alleging to be secretly recorded, and provided numerous details and dates for the allegations. The Plaintiffs also identified numerous "unidentified minor[s] victimized by way of social media ruse". [Exhibit "C" No. 3].

13.     In supplementing Interrogatory No. 5, which asked for the identity of the persons who claim to have been subjected to wrongdoing or acts of misconduct by Defendant Stephen,

3

the Plaintiffs raised the number of individuals from 16 to **over 35** named individuals. [See Exhibit "C" Nos. 5 and 3].

14.     In supplementing Interrogatory No. 7, the Plaintiffs identified the names of the witnesses that will be testifying at the time of trial. **The Plaintiffs listed 21 named witnesses who will be testifying at the time of trial**. [Exhibit "C" No. 7].

## ARGUMENT

I.   **THE PLAINTIFF FAILED TO COMPLY FED. R. CIV. P. 26(e) BY FAILING TO TIMELY SUPPLEMENT DISCOVERY TO ALLOW THE DEFENDANTS AN OPPORTUNITY TO INVESTIGATE AND CONDUCT DISCOVERY REGARDING THE SAME**

Fed. R. Civ. P. 26(e) provides:

> "[A] party who has made a disclosure under Rule 26(a) – or who has responded to an interrogatory, request for production, or request for admission – must supplement or correct its disclosure or response: (A) **in a timely manner** if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing. . .".

Fed R. Civ P. 26(e)(2022) (emphasis added).

"Supplementations need not be made as each new item of information is learned but should be made at appropriate intervals during the discovery period and with special promptness as the trial date approaches". *Bruhn Farms Joint Venture v. Fireman's Fund Insurance Co.*, 2017 WL 632105 (N.D. Iowa 2017). When a deadline for completing discovery is closing and trial is fast approaching the Plaintiff has an obligation to disclose information promptly. *Id.* Supplemental responses are untimely when made months after learning of the information. *See Id.* (citing *Walls v. Paulson,* 250 F.R.D. 48, 53 (D.C. 2008)).

4

The Plaintiffs did not act with due diligence in obtaining the names of the individuals and supplementing their discovery with the same, rather they waited until 2 months before trial and after discovery was closed to disclose the same. For example, at a bare minimum the Plaintiffs knew of the identity of sixteen (16) individuals that they asserted were subjected to wrongdoing, yet the Plaintiffs waited until approximately two months before trial to advise the Defendants' regarding the details and dates of the alleged occurrence.  Because the Plaintiffs knew of the identity of these individuals back in 2021, they clearly had ample opportunity and ability to reach out and fully answer the propounded discovery timely.  This is a clear example of the violation of Rule 26(e).

Instead of acting with due diligence, not only did the Plaintiff wait until there was no time for the Defendants to investigate or conduct discovery regarding the 16 previously named individuals, the Plaintiffs waited until two months before trial to add more than 30 additional named people into this matter.  By waiting to disclose this voluminous information until a couple of months before the trial the Defendants are highly prejudiced in that they are forced to defend claims by previously unknown people without being able to conduct discovery and investigate the validity and extent of the claims. Additionally, Motions in Limine were due mere weeks after the supplement was served, thereby precluding the Defendants from being able to evaluate the claims and details to determine if the same should be excluded from evidence.

The discovery rules are designed to provide "both parties with information essential to the proper litigation of all relevant facts, to eliminate surprise, and to promote settlement". *Progressive Cas. Ins. Co. v. F.D.I.C.,* 298 F.R.D. 417, 422 (N.D. Iowa 2014). The Plaintiffs clearly had access to this information prior to two months before trial. Waiting until discovery has long closed, and trial is a mere two months away to add Plaintiffs and claims is clearly

prejudicial to the Defendant and preventing the same from properly investigating to prepare for litigation.

## II. PURSUANT TO FED. R. CIV. P. 37(c) THE COURT SHOULD ENTER A SANCTION FOR FAILING TO TIMELY SUPPLEMENT DISCOVERY

Fed. R. Civ. P. 37(c) provides:

> "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e) the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless".

Fed. R. Civ. P. 37(c) .

In determining whether the automatic exclusion provision apply the Court considers four factors:

(1) The importance of the excluded material;
(2) The explanation of the party for its failure to comply with the required disclosure;
(3) The potential prejudice that would arise from allowing the material to be used at trial or a motion; and;
(4) The availability of a continuance to cure such prejudice.

*Id.* (citing *Transclean Corp. v. Bridgewood Services, Inc.*, 77 F.Supp.2d 1045, 1064 (D. Minn. 1999). A list of potential plaintiffs, i.e. individuals allegedly harmed in this litigation, is at the clearly of utmost importance as it creates the scope of the litigation. The Plaintiffs have no reason that it could not have produced these names or details prior to two months before trial. This is information that the Plaintiffs should have had when purporting to certify the class. The prejudice to the Defendant of having to defend against more than 30 claims from more than 30 named potential plaintiffs without being able to conduct discovery is high and prevents the Defendant from properly defending the same.

The Defendant concedes that a continuance is potentially a reasonable sanction in this matter, <u>but</u> only if the Court were to reopen discovery to allow the Defendant to investigate these claims. Without the reopening of discovery, a continuance cannot cure the prejudice of this late disclosed information. If the Court continues to order discovery closed then a continuance is not a viable option and the only option to cure the prejudice would be exclusion.

### III.     THE DEFENDANTS HAVE COMPLIED WITH THE REQUIREMENTS OF FED. R. CIV. P. 37

On June 10, 2022, the Defendant made a good faith attempt to resolve this matter without intervention of the Court. [Email Between Counsel attached hereto Exhibit "D"].

### CONCLUSION

With approximately two months before trial, and long past the closure of discovery, the Plaintiff supplemented their discovery responses to identify over 30 names of potential plaintiffs, new witnesses and voluminous new details about the allegations that will be raised at trial. By failing to exercise due diligence in timely supplementing this information, the Defendant is precluded from conducting any discovery regarding these individuals and will have to proceed to trial without being allowed to investigate the claims made in the discovery. The Fed. R. Civ. P. are designed to promote the "timely" supplementation of discovery, and waiting until mere months before trial to add new Plaintiffs and claims does not comport with that purpose. Therefore, the Defendant requests the Court either exclude from evidence any testimony or reference to the individuals or claims contained in the supplemental answers to interrogatories or in the alternative continue this trial and reopen discovery to allow for investigation into these claims.

WHEREFORE, the Defendant Barnstormers Basketball, Inc. d/b/a Barnstormers Basketball of Iowa request the Court grant this Motion for Sanctions for failing to timely supplement discovery and provide any other relief the Court deems just and equitable.

BETTY, NEUMAN & McMAHON, P.L.C.

By:  */s/ Martha L. Shaff*
     Martha L. Shaff    #AT0007215

By:  */s/ Brandon W. Lobberecht*
     Brandon W. Lobberecht    #AT0011918

1900 East 54th Street
Davenport, IA 52807-2708
T: 563-326-4491
F: 563-326-4498
E: martha.shaff@bettylawfirm.com
   brandon.lobberecht@bettylawfirm.com

**ATTORNEYS FOR DEFENDANT,
BARNSTORMERS BASKETBALL, INC. d/b/a
BARNSTORMERS BASKETBALL OF IOWA**

**CERTIFICATE OF SERVICE FOR ELECTRONIC FILINGS**

  I hereby certify that on _____June 10, 2022_____, I electronically filed the foregoing document with the Clerk of Court using the ECF system and a true copy of the foregoing was served either electronically or by U.S. First Class Mail upon the following:

Guy R. Cook
Adam D. Zenor
Michael C. Kuehner
Michael D. Currie
Grefe & Sidney, P.L.C.
500 E. Court Ave., Suite 200
Des Moines, IA  50309
T: 515-245-4300
F: 515-245-4452
E: gcook@grefesidney.com
 azenor@grefesidney.com
 mkuehner@grefesidney.com
 mcurrie@grefesidney.com
**ATTORNEYS FOR PLAINTIFFS**

Jeffrey L. Goodman
Nicole L. Keller
Goodman Law, P.C.
1501 W. 42nd Street, Suite 300
West Des Moines, IA  50266
T: 515-267-8600
F: 515-224-2075
E: jeff@golawpc.com
**ATTORNEYS FOR DEFENDANT, AMATEUR ATHLETIC UNION OF THE UNITED STATES, INC.**

Connie Alt
Shuttleworth & Ingersoll, P.L.C.
115 3rd Street SE, #500
Cedar Rapids, IA  52401
T: 319-365-9461
F: 319-365-8443
E: cma@shuttleworthlaw.com
 dlo@shuttleworthlaw.com

Matthew A. Levin *(Pro Hac Vice)*
Stanton R. Gallegos *(Pro Hac Vice)*
Markowitz Herbold P.C.
1455 SW Broadway, Suite 900
Portland, OR  97201
T: 503-295-3085
F: 503-323-9105
E: stantongallegos@markowitzherbold.com
 mattlevin@markowitzherbold.com
**ATTORNEYS FOR ADIDAS AMERICA, INC.**

           */s/ Brandon W. Lobberecht.*