IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| JOHN DOE, and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GREGORY SCOTT STEPHEN; BARNSTORMERS BASKETBALL, INC. d/b/a BARNSTORMERS BASKETBALL OF IOWA; AMATEUR ATHLETIC UNION OF THE UNITED STATES, INC.; and ADIDAS AMERICA, INC.,<br><br>Defendants. | No. 3:20-cv-00005-SHL<br><br>ORDER FOLLOWING FINAL PRETRIAL CONFERENCE |

  A final pretrial conference was held on July 1, 2022. Attorneys Guy R. Cook, Benjamin T. Erickson, and Michael D. Currie appeared for Plaintiff. Attorneys Martha L. Shaff and Brandon Lobberecht appeared for Defendant Barnstormers Basketball of Iowa. Counsel did not appear for any other Defendants, nor did the Court expect otherwise, as two Defendants successfully moved to compel arbitration and a third (Gregory Scott Stephen) has defaulted.

  A motion hearing was held on June 30, 2022, continuing into July 1, 2022, during which the Court stated it would allow supplemental briefing from both sides on the issue set forth in BBI's Motion in Limine 29. (ECF 119-1, p. 16.) Supplemental briefing is due on July 11, 2022. With respect to the remaining Motions in Limine, the Court issued rulings in open court on some and reserved ruling on others.

  A panel of thirty (30) prospective jurors will be called for examination and eight (8) jurors will be seated for trial, plus one alternate for a total of nine (9). Counsel should receive juror questionnaires from potential jurors by Wednesday, July 27, 2022. No later than 5 p.m. on July 29, 2022, counsel shall inform the Court via email whether they know any of the potential jurors and briefly explain the nature of the relationship.

  During jury selection, the Court will conduct an initial *voir dire*, following which counsel may further examine the panel for 30 minutes each side. Each side shall have three peremptory strikes. Strikes for cause will be handled by sidebar.

The Parties requested more time to consider how to present the potential witness list to the panel of potential jurors given the sensitive nature of the case. The Court welcomes a joint proposal or motion practice as to this issue.

All witnesses will be sequestered with the exception of an individual party or corporate representative. The Court denied Plaintiff's request to have his father in the courtroom during the trial; however, he and other witnesses may be present during *voir dire*.

Defendant's counsel asked for permission to exceed the scope of direct examination when questioning witnesses on cross-examination, so as to obviate the need to call the same witness twice. Plaintiff's counsel is considering this request. Other than by agreement of the parties, the Court will not allow cross-examination outside the scope of direct; however, the Court encourages both sides to consider the efficiency advantages associated with this practice.

Both sides represented that they have organized their witness lists more or less in the order they expect witnesses to be called at trial. At the end of each trial day, counsel shall notify the Court and opposing counsel of the identity of the witnesses expected to be called the following trial day. The Court reserves the right to preclude or postpone the testimony of any witnesses who are not so identified. Counsel shall have their next witnesses ready to testify so that there are no delays between witnesses.

Opening statements for each side are limited to 30 minutes. Plaintiff's will go first, followed by Defendant's counsel. Closing arguments are limited to one hour for each side. See L.R. 83D(b). Rebuttal time comes out of Plaintiff's one hour.

Hard copies of each side's trial exhibits shall be provided to the Court, opposing counsel, and witness. If any filings are made during trial, counsel shall provide hard copies to the Court and opposing counsel.

Trial is set to begin on August 1, 2022, and is expected to last ten (10) days. Counsel and shall be prepared to meet with the Court at 8:30 a.m. each trial day, which is expected to last from 9:00 a.m. to 5:00 p.m. with a morning break, a lunch break, an afternoon break, and other breaks as allowed by the Court.

Until a verdict is reached and the jury discharged, the lawyers must be readily available to the Court. See L.R. 51(b)(1). During deliberations, each attorney must advise the Court of where they can be located in the courthouse, or, if they intend to leave the courthouse, of a telephone number where they can be reached without delay. Id.

If the jury has a question, or if some other issue arises during jury deliberations, and the Court determines the issue merits a conference with the parties, the Court will attempt to notify the lawyers. See L.R. 51(b)(2). If counsel is not available within 20 minutes, he or she will be deemed to have waived the right to participate in the proceedings concerning the issue. Id.

IT IS SO ORDERED

Dated: July 5, 2022

_____
Stephen H. Locher
UNITED STATES MAGISTRATE JUDGE